The Honorable Dennis Young State Representative P.O. Box 1835 Texarkana, AR 75504
Dear Representative Young:
This is in response to your request for an opinion on the following questions regarding the Arkansas Freedom of Information Act ("FOIA") which is codified at A.C.A. §§ 25-19-101 through -107 (Repl. 1992 and Supp. 1993):
 1. What records are attainable from the Arkansas Industrial Development Commission (AIDC)?
 2. What records are attainable from the Texarkana Arkansas Economic Development Commission, which functions under the auspices of the City Board of Directors?
 3. What records are attainable from the Chamber of Commerce, which is chartered in Arkansas but physically located in Texas, regarding tourism money given to the chamber by the Arkansas Advertising 
Promotion Committee, which functions under the auspices of the City Board of Directors. If those records are attainable, is the Gazette limited to only those records in which the AP money has been spent?
 4. Do Arkansas or Texas laws regarding F.O.I. and open records apply regarding the Chamber of Commerce and/or any other organization that might be physically located in Texas and which receives any money from the City of Texarkana, Arkansas, and any of its committees or commissions?
 5. What records are attainable from the Four States Fair Association, which also receives tourism money from the AP Committee? The Association receives money to pay off bonded indebtedness and to fund capital improvements on the premises of the fairgrounds. Money has also been requested by the Association to fund public relation expense.
In response to your first question, because the AIDC is a public agency, its records are presumed to be "public records" under the FOIA. A.C.A. §25-19-103(1) (Repl. 1992). Except as otherwise specifically provided by the FOIA or other law, all public records are open for public inspection and copying. A.C.A. § 25-19-105(a) (Supp. 1993). The specific FOIA exemptions are set forth in A.C.A. § 25-19-105(b) (Supp. 1993). Reference must therefore be made to this list of exemptions when reviewing records that are maintained by the AIDC. Depending upon the specific records in question, subsection (b)(9) may warrant particular consideration. Under this provision, the following are not deemed to be made open to the public:
 (A) Files which, if disclosed, would give advantage to competitors or bidders; and
 (B) Records maintained by the Arkansas Industrial Development Commission related to any business entity's planning, site location, expansion, operations, or product development and marketing, unless approval for release of such records is granted by the business entity; provided, however, this exemption shall not be applicable to any records of expenditures or grants made or administered by the Arkansas Industrial Development Commission and otherwise disclosable under the provisions of this chapter;
A.C.A. § 25-19-105(b)(9) (Cum. Supp. 1993).
Please note that I have enclosed a copy of Attorney General Opinion95-108, issued to State Senator Wayne Dowd on June 1, 1995, which explores in greater detail the so-called "competitive advantage" exemption and the exemption for AIDC records.
In response to your second question, as with the AIDC, records maintained by the Economic Development Commission are presumed to be public records under the FOIA because this is a public agency. Whether a specific exemption applies will require a case-by-case determination based upon the particular record(s) in question. The attached opinion offers a general discussion of the legal framework for the factual analysis of each record. Op. Att'y Gen. 95-108 at 2-5.
With regard to your third question involving the Chamber of Commerce, it is my opinion that the FOIA applies to those records relevant to the services being provided by the Chamber to the Advertising and Promotion Commission ("Commission").[1] Such records, in my opinion, constitute "public records" subject to disclosure under the FOIA, absent a specific exception. A.C.A. §§ 25-19-103(1) (Repl. 1992) and -105 (Supp. 1993). It is my opinion that these records may be obtained from the Chamber, pursuant to the FOIA. As stated by the Arkansas Supreme Court in City ofFayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990):
 When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself. It should not matter whether the activity is "proprietary" or "governmental" in nature, for in either case the government is involved in the "public business." Thus when a county official hires a certified public accountant to conduct an audit of a county department instead of using public employees for that purpose, the CPA's records relevant to that task should be obtainable under the FOIA.
304 Ark. at 187, quoting J. Watkins, Access to Public Records Under theArkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 764 (1984).
The ruling in Edmark was premised, it seems, on the theory that the outside legal counsel in that instance "were the functional equivalent of the regular city attorney." 304 Ark. at 186. The FOIA request in that case involved legal memoranda prepared by attorneys specially retained by the City in connection with an incinerator and landfill project. The City contended that the outside counsel were not "agencies" supported by public funds (A.C.A. § 25-19-103(1)), and that the records were not in the City's possession. The Court rejected these arguments, stating that "[t]he City cannot avoid the FOIA requirements by substituting a private attorney for the city attorney." Id. Otherwise, the Court said, public officials could arguably "shield form disclosure sensitive or controversial material by hiring an outside attorney instead of using its regular city attorney." Id.
Similarly, with regard to Chamber records involving tourism money (i.e.,
the "hamburger tax"), Edmark indicates that the Chamber's receipt of the public funds will trigger the FOIA as to those records relevant to the business or services conducted on behalf of or provided to the Commission. See n. 1, supra, regarding the authorized use of funds to engage personnel and agencies and to contract with, inter alia, the Chamber of Commerce. Assuming that the Chamber enjoys only partial financial support from public funds, it may be concluded that other unrelated records are not covered by the FOIA. It should perhaps be noted in this regard that there is a prohibition against using the "hamburger tax" for the "general subsidy of any civic groups or the Chamber of Commerce." A.C.A. § 26-75-606(c)(2)(C) (Cum. Supp. 1993). I assume, therefore, that the "tourism money given to the Chamber," as referenced in your correspondence, is in payment for services rendered to or business conducted on behalf of the Commission. Thus, there should be no question regarding the degree to which the Chamber's records are subject to the FOIA. See generally J. Watkins, The Arkansas Freedom ofInformation Act 41 (2d ed. 1994) and Attorney General Opinions cited therein.
In response to your fourth question (whether Arkansas or Texas FOIA laws apply), I cannot offer an opinion regarding Texas law. It is my opinion with regard to Arkansas law that the physical location of a private organization is irrelevant, if the organization is in fact "wholly or partially supported by public funds or expending public funds." A.C.A. §25-19-103(1) (Repl. 1992). This seems clear from Edmark, supra, and from the recent case of Swaney v. Tilford, No. 94-1323 (Ark.S.Ct. May 30, 1995) (involving the working papers of private auditors hired to perform audits of the Arkansas Development Finance Authority). Of course, application of the "public funds" provision requires a factual determination in each instance. As stated by a recognized commentator on the Arkansas FOIA, "the mere receipt of [public funds] is not sufficient to subject a private organization to the FOIA. . . . [T]he group's activities must be of public concern and intertwined with those of government." J. Watkins, The Arkansas Freedom of Information Act, supra
at 35. Professor Watkins states:
 [T]he FOIA applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and (3) carry on work that is intertwined with that of government bodies.
Id. at 37.
It is my opinion, in response to your last question concerning the Four State Fair Association ("Association"), that the same analysis employed with respect to the Chamber (see response to third question, above) will in all likelihood apply to records of the Association. The FOIA will apply to records that are "relevant to [the] task" for which the Association is hired. Edmark, supra, 304 Ark. at 187.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I assume that the "tourism money" referenced in your question is comprised of funds credited to the city advertising and promotion fund pursuant to A.C.A. § 26-75-601 et seq. (1987 and Cum. Supp. 1993), which authorizes the levy of a hotel and restaurant tax, sometimes referred to as the "hamburger tax." The Commission is authorized, under the provision governing the use of these funds (A.C.A. § 26-75-606 (Cum. Supp. 1993)) to "contract with [the Chamber] to provide to the Commission actual services that are connected with tourism events or conventions." A.C.A. § 26-75-606(c)(3); see also A.C.A. § 26-75-606(a)(1) (Cum. Supp. 1993) (regarding the Commission's authority to "engage such personnel and agencies and incur such administrative costs that it deems necessary to conduct its business.")
[2] You state that the Association has requested money "to fund public relation expense." I assume that any funding in this regard is in connection with contracted services or business that the Association is engaged to conduct for the city. See A.C.A. § 26-75-606(a)(1) and (c)(3). As noted above at p. 4, Commission funds cannot be used for the "general subsidy" of any civic groups. A.C.A. § 26-75-606(c)(2)(C).